UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF CALIFORNIA,[1]

    Plaintiff,

v.

NOBLE BERNISEARL McGILL EL BEY,

    Defendant.

No. 2:20-cv-175-KJM-EFB PS

FINDINGS AND RECOMMENDATIONS

This case was originally filed in the traffic division of the Superior Court of the State of California for the County of San Joaquin and appears to be a citation issued to defendant for violation of California Vehicle Code Section 5200(A). ECF No. 1 at 4. On January 23, 2020, defendant, proceeding pro se, removed this action to this court.[2] *Id*. at 1. The matter must be remanded back to the San Joaquin County Superior Court for lack of removal jurisdiction under 28 U.S.C. § 1441. As discussed below, defendant has failed to establish that this court has subject matter jurisdiction.

---

[1] Defendant failed to include with his removal petition a copy of the citation containing the state court case name and number, and he incorrectly styled the caption of his petition by listing the Superior Court as the plaintiff.

[2] This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

1    This court has an independent duty to ascertain its jurisdiction and may remand sua sponte

2    for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing

3    federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed

4    against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.

5    1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

6    first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

7    The notice of removal states that the case was removed to this court pursuant to Federal

8    Rule of Civil Procedure 8(a). That rule does not provide for removal of cases to federal court. It

9    merely sets forth the general pleading rules applicable in federal court and does not provide a

10   basis for jurisdiction. *See* Fed. R. Civ. P. 8. Although 28 U.S.C. § 1441 provides for the removal

11   of cases where original jurisdiction would have existed either based on federal question or

12   diversity of citizenship, no such jurisdiction is present here. Defendant appears to contend that

13   this court has jurisdiction under 28 U.S.C. § 1331, arguing that plaintiff violated 18 U.S.C.

14   §§ 241 and 242. Aside from the fact that these criminal statutes do not create a private cause of

15   action, *see, e.g., Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006), the state

16   court records submitted with defendant's notice of removal demonstrate that this case does not

17   present a federal question, *see Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir.

18   1985) (defendant's claims or defenses may not serve as a basis for removal).

19   The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded

20   complaint rule,' which provides that federal jurisdiction exists only when a federal question is

21   presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*,

22   482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal

23   law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on

24   resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An*

25   *Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting

26   *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Here, the

27   action against defendant is limited to a traffic citation for his alleged violation of California

28   /////

| | |
|---|---|
| 1 | Vehicle Code § 5200(A).  Accordingly, under the well-pleaded complaint rule, the claim against |
| 2 | him arises solely under state law and does not present a federal question. |
| 3 | Nor has defendant established that this court has diversity jurisdiction under 28 U.S.C. |
| 4 | § 1332.  Not only does the notice of removal fail to establish diversity of the parties, the state |
| 5 | court records reflect that the fine for defendant's allegation violation of California Vehicle Code |
| 6 | § 5200(A) is only $190, far short of the $75,000 amount in controversy requirement imposed by |
| 7 | 28 U.S.C. § 1322(a).  ECF No. 1 at 4. |
| 8 | Therefore, because defendant has not adequately established a basis for this court's |
| 9 | subject matter jurisdiction, the case must be remanded.  *See* 28 U.S.C. § 1447(c). |
| 10 | Accordingly, it is hereby RECOMMENDED that the above-captioned case be |
| 11 | REMANDED to the Superior Court of the State of California in and for the County of San |
| 12 | Joaquin. |
| 13 | These findings and recommendations are submitted to the United States District Judge |
| 14 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days |
| 15 | after being served with these findings and recommendations, any party may file written |
| 16 | objections with the court and serve a copy on all parties.  Such a document should be captioned |
| 17 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections |
| 18 | shall be served and filed within fourteen days after service of the objections.  Failure to file |
| 19 | objections within the specified time may waive the right to appeal the District Court's order. |
| 20 | *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th |
| 21 | Cir. 1991). |
| 22 | DATED:  January 30, 2020. |
| 23 | EDMUND F. BRENNAN<br>UNITED STATES MAGISTRATE JUDGE |